GUY LOCKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Locker v. Commissioner
Docket No. 14235-91
United States Tax Court
T.C. Memo 1994-543; 1994 Tax Ct. Memo LEXIS 551; 68 T.C.M. (CCH) 1069; October 27, 1994, Filed *551 Decision will be entered for respondent. For petitioner: John Hargett. For respondent: Marshall R. Jones. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency in Federal income tax of $ 6,809, and additions to tax under sections 6651(a)(1), 6653(a)(1), and 6654(a) in the amounts of $ 1,302, $ 260.40, and $ 321.69, respectively, for petitioner's 1988 tax year. At trial, respondent agreed to a reduction of the deficiency to $ 3,139 and corresponding reductions in the additions to tax to $ 384.50, $ 156.95, and $ 43, respectively, under sections 6651(a)(1), 6653(a)(1), and 6654(a). Petitioner conceded the reduced deficiency in tax. The sole issue for decision is whether petitioner is liable for the additions *552 to tax. Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner was a legal resident of Florence, Alabama. Petitioner did not file Federal income tax returns for 1988, 1989, 1990, and 1991. Petitioner is an engineer and was gainfully employed during these 4 years. Prior to the year at issue, petitioner had filed income tax returns since 1956. Beginning with the 1988 tax year, petitioner intentionally and deliberately decided to discontinue filing income tax returns, because he felt he was under no obligation to do so. Moreover, at trial, petitioner testified that he has "never been informed officially by an authority that I am required to file." When asked whether he remained convinced that the income tax laws did not apply to him, petitioner replied, "Yes, I am. I still am convinced." During 1988, petitioner was employed by the Reynolds Metal Co. as a process tender at Sheffield, Alabama. His salary and wage income during 1988 from this employer was $ 34,200.31. In the notice of deficiency, respondent determined this amount and the additional amount *553 of $ 1,498 pension/annuity income as petitioner's taxable income for 1988. Petitioner does not dispute these amounts. He only disputes the additions to tax. The determinations of respondent in a notice of deficiency are presumed correct, and the burden is on the taxpayer to prove that respondent's determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 6651(a)(1) provides an addition to tax for the failure to file a timely income tax return unless the failure to file timely is due to reasonable cause and not due to willful neglect. Section 6653(a)(1) provides an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules or regulations. Section 6654(a) provides for an addition to tax for the underpayment of estimated taxes. The record shows that petitioner admittedly did not file an income tax return for 1988 and for the 3 succeeding taxable years. On April 16, 1988, petitioner appeared before a notary public and executed an affidavit containing tax protester declarations, which included statements that the Fifth and Sixteenth Amendments of the U.S. Constitution *554 bar the imposition of income taxes; that the Sixteenth Amendment taxes only "income" and not the "sources" of income; that "wages" are a "source" of income and are, therefore, not taxable; and that the taxation of wages is harmful to the general welfare. On September 22, 1988, petitioner executed another affidavit, entitled Affidavit of Revocation and Rescission, in which he further asserted tax protester statements such as that he is "a natural born free sovereign United States citizen with numerous inalienable rights" and that, if his wages are subject to taxation, such taxation would destroy his rights. This type of gibberish extends over six, single-spaced, typewritten pages. [2] On February 18, 1991, petitioner wrote to the Director of the Internal Revenue Service Center (the IRS) at Memphis, Tennessee, in response to an inquiry petitioner received from the IRS that the IRS had no record of petitioner's filing an income tax return for 1988. In this letter, petitioner advised that, "I did not make or file any type of tax return for the year 1988 that could be 'examined'. Nor did I make any agreement with or request any assistance from anyone employed by the Internal Revenue *555 Service involving anything relating to those years. Therefore, how can there be an account that does not exist?" Continuing, petitioner's letter states, "Please cite the statutory authority that you claim to be citing in pursuance thereof. Is it Internal Revenue Code section 6020(b) procedures? * * * Mr. Marsh, you can consider this letter as a challenge to your authority. I believe the circumstantial facts involving this matter are reason enough to put you on notice that this is a wrongful assessment procedure." On June 22, 1989, petitioner sent another letter to "Director the Foreign Operations District" of the IRS at Washington, D.C., with copies to the offices of the IRS at Chamblee, Georgia, Birmingham, Alabama, and Atlanta, Georgia, in which petitioner asserted that he was not an alien or a citizen of the United States living abroad and, therefore, "was not subject to the jurisdiction of the United States" for purposes of withholding taxes. The letter requested that the IRS so advise petitioner's employer. *556 After the notice of deficiency was issued, petitioner wrote a letter to the IRS office that issued the notice and advised that he was not a "taxpayer", and that he had not filed an income tax return for the year in question. Following this letter, petitioner filed with the IRS a Form 1040X, Amended U.S. Individual Income Tax Return, for 1988. Other than claiming a filing status of married, filing jointly, the purported amended return contained no information as to petitioner's income, deductions, exemptions or credits, or taxes for 1988. In a statement attached to the Form 1040X and signed by him, petitioner stated that the purpose of the Form 1040X was to protect his entitlement to a refund for an overpayment of taxes for 1988 and to prevent his claim from being barred by the 3-year statute of limitations. [3] Petitioner estimated in this statement that his refund for 1988 would be approximately $ 15,000, but acknowledged that such amount might be high. The statement also contained additional tax protester declarations. Thereafter, petitioner and his wife, who is not a party to this proceeding, prepared another Form 1040X for 1988, which included petitioner's income and claims *557 to personal and dependency exemptions for 1988. Attached to this Form 1040X were separate statements signed by petitioner and his wife, which stated that their signatures to the return were made under duress, and that their rights under the First Amendment of the U.S. Constitution were being violated. [4]
*558 At trial, petitioner presented no additional evidence, other than his testimony and the exhibits described above, to satisfy his burden of establishing that he was not liable for the additions to tax. It is quite evident that petitioner continues his position as a tax protester, and, as he testified, he conceded the tax deficiency only because he had "no other choice". Even before petitioner's 1988 return was due and continuing through the trial of this case, petitioner has repeatedly expressed his opposition to the Federal income tax and maintained that he is not a taxpayer subject to income taxes. At trial, petitioner repeatedly expressed his continuing belief in these positions. Petitioner, therefore, has established no basis upon which he can be exonerated from the additions to tax for 1988. Respondent, therefore, is sustained on the additions to tax under sections 6651(a)(1), 6653(a)(1), and 6654(a) for the reduced amounts agreed to by respondent at trial. Section 6673(a)(1) provides, in pertinent part, that, whenever it appears to the Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, or the taxpayer's position in *559 such proceeding is frivolous or groundless, the Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Petitioner, in this case, presented absolutely no basis, claim, or defense to the additions to tax. On the contrary, petitioner's testimony at trial exhibited a clear intent on his part to continue defiance, whenever and wherever possible, of the income tax laws of this country, and to express arguments that have long ago been rejected by the courts. This proceeding, instituted by petitioner, had no basis in law or in fact; petitioner's position was frivolous and groundless, and this proceeding was instituted and was clearly maintained for purposes of delay. For that, petitioner must pay the price. The United States is awarded a penalty of $ 750 under section 6673(a). Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although the record is not entirely clear, it appears to the Court, and the Court concludes, that these two affidavits, which were stipulated into evidence, were sent by petitioner to the Internal Revenue Service at or about the time they were executed by petitioner.↩
3. It appears from the record that this purported Form 1040X was prepared at about the time petitioner was settling his tax liabilities for 1989, 1990, and 1991. Petitioner received a refund of taxes for some or all of these years due to excess withholding taxes. Although there were $ 1,601 taxes withheld from petitioner's wages for 1988, petitioner, under no circumstances, can be held entitled to a refund, since he has conceded a deficiency of $ 3,139.↩
4. The record does not show whether this Form 1040X was filed as a return; however, it appears that the basis for respondent's reduction of the deficiency from $ 6,809 to $ 3,139 (conceded by petitioner) and additions to tax came from some or all of the exemptions and deductions claimed on this Form 1040X.↩